UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~
In re
**DAVID J. PHILLIPS,**                                   Chapter 7
    Debtor                                          Case No. 16-13355-JNF
~~~~~~~~~~~~~~~~~~~~~~~~~~~
**ROBERT D. LOVENTHAL,**
    Plaintiff
v.                                                       Adv. P. No. 16-1189
**DAVID J. PHILLIPS,**
    Defendant
~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

**I. INTRODUCTION**

The matter before the Court is the Motion to Dismiss filed by David J. Phillips (the "Defendant" or the "Debtor"). The Defendant asks this Court to dismiss the two-count Complaint filed by Robert D. Loventhal (the "Plaintiff"), through which the Plaintiff seeks an order excepting a debt in the sum of $53,969.12 from discharge under 11 U.S.C. § 523(a)(2)(A) (Count I) and denying the Debtor his discharge under 11 U.S.C. §727(a)(2)(A) (Count II). The Defendant seeks dismissal of Count I on the ground of res judicata and dismissal of Count II for failure to state a claim upon which relief can be

1

granted. *See* Fed. R. Civ. P. 12(b)(6), made applicable to this proceeding by Fed. R. Bankr. P. 7012(b).

For the reasons set forth below, the Court shall enter an order denying the Motion to Dismiss Count I, which, as discussed below, will be treated as a motion for summary judgment with respect to Count I only, and granting the Motion to Dismiss with respect to Count II.

## II. BACKGROUND

The Debtor filed a voluntary Chapter 7 petition on August 31, 2016. On Schedule A/B: Property, he did not disclose any interests in real property. On Schedule E/F: Creditors Who Have Unsecured Claims, the Debtor listed the Plaintiff as the holder of a claim in the sum of $53,969.12 arising from a judgment entered by the Worcester Superior Court, Department of the Trial Court. The Plaintiff timely filed his Complaint against the Defendant on December 1, 2016. The Debtor filed an Answer on December 20, 2016. Approximately six weeks later, he filed the Motion to Dismiss.[1]

A. The Plaintiff's Complaint in the Bankruptcy Court

Through Count I of his Complaint, the Plaintiff alleged that the Defendant approached the Plaintiff to seek his help in avoiding the foreclosure of a home, located at 75 Green Street, Hopedale, Massachusetts, he inherited from his parents that was encumbered by a mortgage from Milford National Bank that was in default. According

---

[1] The Court denied the Plaintiff's Motion to Strike the Motion to Dismiss for being untimely, finding no prejudice to the Plaintiff.

2

to the Plaintiff, on November 26, 2007, he "purchased the Milford National Bank note and entered into a modification loan agreement with Defendant;" that the Defendant agreed to pay him the principal sum of $26,000 at an interest rate of 9.5% with monthly payments of $275; that the Defendant defaulted on the loan, having made only $4,400 in payments; that at the time he made the loan, the Plaintiff had known the Defendant for a number of years and "had developed a degree of confidence in the Debtor's honesty;" that the Defendant falsely represented that he would repay the loan by making arrangements with his employer for a direct deposit of the monthly note payment to an account in the Plaintiff's name; that the Defendant obtained the loan by false pretenses; that the Defendant's conduct was deceptive and misleading and calculated to obtain property from the Plaintiff; and that the Defendant never had any intention of repaying the Plaintiff. Specifically, the Plaintiff alleged:

> Debtor made said representations to Plaintiff for the purpose of inducing Plaintiff to make said loan and to save Debtor's home from foreclosure but that Debtor way lying to Plaintiff about his intention to repay said loan and that Debtor had no intention of making payments to Plaintiff notwithstanding his financial capability of paying said loan

In addition, the Plaintiff, while recognizing that the Defendant had made a few payments, alleged that "[e]very one of said payments was very late and was made only after Plaintiff had called several times to collect same and had threatened default and foreclosure."[2]

---

[2] The Plaintiff did not specifically allege that he obtained an assignment of the mortgage but loan documents attached to the Plaintiff's Objection to the Motion to Dismiss

With respect to Count II, the Plaintiff alleged that the Defendant failed to pay real estate taxes to the Town of Hopedale and the town "started tax title foreclosure proceedings which eventually resulted in the scheduling of a tax title foreclosure." After the Town initiated a tax title foreclosure proceeding, the Defendant, according to the Plaintiff, "arranged to receive compensation from a potential buyer at the tax title foreclosure sale." The Plaintiff stated that "[i]n connection therewith Debtor was told by said buyer that notice of the sale would necessarily need to be given to the Plaintiff at Plaintiff's last known address and that Plaintiff would have the right to buy out [sic] the back taxes and add same as an additional debt owed by Debtor to the Plaintiff." The Plaintiff further alleged that the Defendant, while knowing the Plaintiff's new address, deliberately failed to provide the potential buyer and the Town of Hopedale with the Plaintiff's correct address, advising them instead that the Plaintiff had not moved. According to the Plaintiff, he was not notified of the tax title foreclosure proceedings and "took no action to protect his interest as to same." He stated: "[t]he actions of the Debtor in connection with the tax title foreclosure constitute actual fraudulent conduct intended to harm the Plaintiff," and that "[b]y virtue of the judgment obtained by Plaintiff in the Worcester Superior Court the issue of the Debtor's fraudulent conduct has been resolved in favor of the Plaintiff and said issues is res judicata. [sic]"

---

establish that he obtained an assignment of the mortgage which secured a note executed by Benjamin F. Phillips and Alice G. Phillips.

B. <u>Documents and Affidavits Submitted in Support of and in Opposition to the Motion to Dismiss</u>

The Defendant attached to his Motion to Dismiss the following: 1) a copy of a Clerk's Notice dated July 15, 2016 setting forth an order of the Worcester Superior Court entered on July 7, 2016; 2) a copy of the Plaintiff's Complaint in this adversary proceeding; 3) a copy of the Plaintiff's Complaint in the state court action;[3] 4) the Worcester Superior Court's order dated July 7, 2016 together with the Affidavit of the Plaintiff, dated December 31, 2015, in support of a motion for summary judgment on Count 1 of his state court complaint.

The Plaintiff's state court complaint, which is dated June 19, 2015, contained two counts. Count 1 contained an amalgam of breach of contract and fraud allegations. In that complaint, the Plaintiff alleged that the Defendant "utterly failed, neglected and refused to pay the obligation," which was commercial in nature; that at the time the loan was executed and the Plaintiff advanced funds, the Defendant induced the Plaintiff to extend the funds "by lying to the Plaintiff about his finances and his intention to repay," and that "[t]he Defendant's actions . . . were unfair and deceptive and, as such, violative of the terms and provisions of General Laws Chapter 93A, Section 2 and 11." The Plaintiff added that the Defendant's actions "were taken willfully and knowingly." The misrepresentation claim was not pleaded with particularity, *see* Mass. R. Civ. P. 9(b),

---

[3] The Plaintiff used Roman numerals to denominate his counts in this adversary proceeding. He used numbers to denominate his counts in his state court complaint.

however, as there were no allegations pertaining to reliance,[4] merely the reference to "unfair and deceptive" actions under Mass. Gen. Laws ch. 93A, §§2, 11.

Through Count 2 of his state court complaint, the Plaintiff complained about the Defendant's conduct in failing to provide the buyer at a tax title sale with accurate information about his address, "the result of which was to deprive Plaintiff of notice of the tax title sale and to prevent Plaintiff from protecting his investment by paying the overdue taxes and redeeming the property," thereby causing him to loose the opportunity to foreclose on the secured property.

In his Affidavit, the Plaintiff recited the history of his acquisition of the note and the Defendant's failure to make regular payments under the loan modification agreement except for $4,400. He also recited that "[t]he Defendant has no defense to this action" and that he was entitled to judgment on Count 1 in the amount of $42,740.91. The Plaintiff did not include any statement pertinent to a fraud claim or even a claim under Mass. Gen. Laws ch. 93A.

---

[4] According to the United States Court of Appeals for the First Circuit,

> Under the traditional common law rule, a defendant will be liable if (1) he makes a false representation, (2) he does so with fraudulent intent, i.e., with "scienter," (3) he intends to induce the plaintiff to rely on the misrepresentation, and (4) the misrepresentation does induce reliance, (5) which is justifiable, and (6) which causes damage (pecuniary loss). 2 F. Harper, et al., Law of Torts § 7.1, at 381 (2d ed.1986); Restatement (Second) of Torts § 525 (1977).

Palmacci v. Umpierrez, 121 F.3d 781, 786 (1st Cir. 1997)(footnote omitted).

In his Objection to the Motion to Dismiss, the Plaintiff attached the following documents: 1) a copy of his motion for summary judgment filed in the state court action pursuant to which he sought summary judgment with respect to Count 1 only; 2) a copy of a Statement of Undisputed Material Facts in Support of Plaintiff's Motion for Summary Judgment pursuant to Rule 9A filed in the state court action;[5] 3) his Affidavit, dated December 31, 2015, together with a number of loan documents[6] and a Statement of Debt filed in the state court action; 4) the Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment filed in the state court action; 5) the docket in the state court action; 6) the Affidavit of Anthony J. Galante in Opposition to the Debtor's Motion to Dismiss in which Mr. Galante stated that he was present in the Worcester Superior Court during the hearing on the motion for summary judgment and that "[t]here was no discussion whatsoever concerning Mr. Loventhal's fraud claims against Mr. Phillips;" and 7) the Plaintiff's Affidavit in which he stated: "the only issue that was put in play by my Motion was the collection action contained in Count 1 . . . ."

---

[5] The Statement of Undisputed Facts is a misnomer as the Defendant denied numerous "undisputed facts" set forth by the Plaintiff and posited additional material facts. Indeed, the Defendant denied the existence of a loan modification agreement and represented that "[t]he obligation was to guaranty a debt for a note and mortgage on Defendant's parent's [sic] personal residence, which Defendant inherited along with his three sisters." In addition, the Defendant stated he had a defense to the action, namely a twenty-year statute of limitations applicable to the note, which expired in 2013 and a six-year statute of limitations defense to the Guaranty, discussed in note 6.

[6] The Guaranty was executed by the Defendant in November of 2007 (the actual day is not set forth on the document). The Defendant acknowledged in the Guaranty that the debt outstanding under the note was $25,514.21.

As noted above, in the state court action, the Plaintiff moved for summary judgment on Count 1 only. The state court judge entered an order on July 7, 2016 reflected in a Clerk's Notice which set forth the following:

> You are hereby notified that on 07/07/2016 the following entry was made on the above referenced docket:
>
> Endorsement on Motion for summary judgment, MRCP 56 [sic] After review & hearing (#7.0): ALLOWED for the reasons stated in open court. Judgment shall enter in favor of the plaintiff against the defendant for $47,887.67 including costs, late fees and attorney's fees. Count II is dismissed; there is no 94A [sic] cause of action here for a garden variety breach of contract.

### III. DISCUSSION

A. Procedure Applicable to Count I

In Banco Santander De Puerto Rico v. Lopez-Stubbe (In re Colonial Mortg. Bankers Corp.), 324 F.3d 12 (1st Cir. 2003), the United States Court of Appeals for the First Circuit ruled that an action can be dismissed based upon principles of res judicata, observing the following:

> In an appropriate case, an affirmative defense may be adjudicated on a motion to dismiss for failure to state a claim. *See, e.g.*, Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir. 2001); LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998); Kale v. Combined Ins. Co., 924 F.2d 1161, 1165 (1st Cir. 1991). The affirmative defense of res judicata is no exception. *See, e.g.*, Boateng, 210 F.3d at 60; Kale, 924 F.2d at 1165. Even without a motion, "a court on notice that it has previously decided an issue may dismiss the action sua sponte, consistent with the res judicata policy of avoiding judicial waste." Bezanson v. Bayside Enterps., Inc., 922 F.2d 895, 904 (1st Cir. 1990).
>
> The conclusion that an action can be dismissed on the basis of an affirmative defense, such as res judicata, does not end our inquiry. Such a dismissal only can occur in an appropriate case. Two conditions must be met. The first condition is that the facts that establish the defense must be definitively ascertainable from the allegations of the complaint, the documents (if any)

8

incorporated therein, matters of public record, and other matters of which the court may take judicial notice. The second condition is that the facts so gleaned must conclusively establish the affirmative defense. *See* Blackstone Realty, 244 F.3d at 197; LaChapelle, 142 F.3d at 509.

In re Colonial Mortg. Bankers Corp., 324 F.3d at 16. The Court concludes that the two conditions set forth in Colonial Mortgage are absent here with respect to Count I. The Defendant asked that this Court take judicial notice of the July 7, 2016 order, not the entire record of proceedings in the Worcester Superior Court. Even if this Court were to take judicial notice, however, the record does not conclusively establish the affirmative defense of res judicata, particularly where the decision of the Worcester Superior Court to dismiss Count 2 of the Plaintiff's complaint was neither the subject of the Plaintiff's summary judgment motion nor the subject of any specific findings. As a consequence, this Court cannot conclude that there was a final judgment on the merits of any fraud claim, one of the elements required for application of res judicata, discussed below.

Because the parties have submitted matters outside the pleadings, the Court shall treat the Motion to Dismiss as a motion for summary judgment with respect to Count I. Federal Rule of Bankruptcy Procedure 7012 makes Fed. R. Civ. P. 12(d) applicable to this proceeding. It provides:

> (d) Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12. Accordingly, Rule 12(d) permits this Court to treat the Motion to Dismiss as to Count I as a motion for summary judgment.

9

B. <u>Count I - - Res Judicata</u>

The Defendant relies upon the principle of res judicata to argue that the Superior Court judgment is preclusive, bars the Plaintiff from re-litigating the claims he first set forth in his state court complaint, and warrants dismissal of Count I of this adversary proceeding. According to the court in <u>Matthews v. Nealon In re Nealon</u>, 532 B.R. 412, 419–20 (Bankr. D. Mass. 2015),

> Under the Massachusetts law of collateral estoppel (or "issue preclusion"), where a particular issue is "actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties whether on the same or different claim." <u>Jarosz v. Palmer</u>, 436 Mass. 526, 766 N.E.2d 482, 487–88 (2002). Put another way: For an issue to receive preclusive effect in a later proceeding under Massachusetts law, the following four elements must be present: (1) the issue sought to be precluded must be identical to that in the prior litigation; (2) the parties actually must have litigated the issue; (3) the judgment regarding the issue must have been binding and valid; and (4) the issue's determination must have been essential to the judgment. <u>Rutanen v. Baylis (In re Baylis)</u>, 217 F.3d 66, 71 (1st Cir. 2000).

<u>In re Nealon</u>, 532 B.R. at 419–20. The Court concludes that the Defendant failed to establish all four elements. Accordingly, res judicata does not preclude the Plaintiff from asserting a claim for fraud under § 523(a)(2)(A).

The Plaintiff did not assert a fraud claim in moving for summary judgment in the Worcester Superior Court, and the decision of the state court was not predicated on fraud. The decision of the state court to dismiss Count 2 of the Plaintiff's complaint was unsupported by anything in the record before this Court or any evidentiary materials supplied by the Defendant. *See* <u>Unger v. Lambert (In re Lambert)</u>, 459 B.R. 519, 523 (Bankr. D. Mass. 2011)("A final judgment is one where 'the parties were fully heard, the

10

judge's decision is supported by a reasoned opinion, and the earlier opinion was subject to review or was in fact reviewed.'"); Jarosz v. Palmer, 436 Mass. 526, 766 N.E.2d 482, 489 (2002) (quoting Tausevich v. Bd. of Appeals of Stoughton, 402 Mass. 146, 521 N.E.2d 385, 387 (1988)). The issue of fraud was not actually litigated and was not essential to the judgment that the Plaintiff obtained in the Worcester Superior Court.

In Santos v. U.S. Bank Nat. Ass'n, 89 Mass. App. Ct. 687, 54 N.E.3d 548 (2016), *review denied*, 476 Mass. 1103, 63 N.E.3d 387 (2016), the court stated:

> *"Res judicata will be employed by the courts to prevent the splitting of a cause of* action where the party to be precluded (here [Santos]) had both the opportunity and the incentive to litigate all related matters fully in the original lawsuit." Mancuso v. Kinchla, 60 Mass. App. Ct. 558, 567, 806 N.E.2d 427 (2004). *See* id. at 562, 806 N.E.2d 427 (applying Federal res judicata law and concluding that dismissal of State court action after resolution of previously filed Federal action between same parties arising from same nucleus of operative facts was appropriate response to plaintiff's "disfavored claim splitting contrary to well-established doctrine and policy").

Santos, 89 Mass. App. Ct. at 695, 54 N.E.3d at 555-56. In the instant case, the Plaintiff had no incentive to pursue a fraud count where his breach of contract count was both straightforward and ultimately successful.

    C. Count II - - Failure to State a Claim

    Section 727(a)(2)(A) of the Bankruptcy Code provides:

> (a) The court shall grant the debtor a discharge, unless—. . .
>
> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed--
>
>> (A) property of the debtor, within one year before the date of the filing of the petition.

11

11 U.S.C. § 727(a)(2)(A).  The Court concludes that the Plaintiff has failed to state a plausible claim for relief under § 727(a)(2)(A), *see* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (pleadings must contain more than "labels, conclusions and formulaic recitation[s] of a cause of action's elements . . ."); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557) (a complaint does not suffice if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'").  Count II of the Plaintiff's Complaint is devoid of any specific allegations that would enable this Court to even envision a cause of action under § 727(a)(2)(A).  In the first place, the Plaintiff did not identify what property the Debtor concealed or transferred or what duty the Defendant had to the Town of Hopedale to supply it with the Plaintiff's address or why the town's reliance on the Defendant would be justified in any event.  The Plaintiff averred only that the Defendant inherited property from his parents along with other "heirs."  Any transfer of the Property would have been done at the behest of the town, not the Debtor, and, although the Defendant may have concealed the Plaintiff's address, he did not and could not conceal the property.

Count II of the Complaint references a tax sale foreclosure proceeding initiated by the Town of Hopedale.  The Plaintiff did not aver when that sale took place and did not set forth any facts that would enable this Court to conclude that the Debtor, as opposed to the Town of Hopedale, transferred the property with intent to defraud the Plaintiff.  Indeed, it was the town that transferred whatever interest the Debtor had in the property to a buyer.  Whatever "actual fraudulent conduct" the Plaintiff alleges on the part of the Defendant, he failed to set forth the elements of a cause of action under § 727(a)(2)(A).

12

Indeed, the Plaintiff failed to even provide a "formulaic recitation[s] of a cause of action's elements" under 11 U.S.C. § 727(a)(2)(A). *See* Twombly, 550 U.S. at 545.

## IV. CONCLUSION

In view of the foregoing, and treating the Motion to Dismiss, in part, as a Motion for Summary Judgment with respect to Count I, the Court shall enter an order denying the Motion with respect to Count I and granting the Motion to Dismiss as to Count II of the Plaintiff's Complaint.

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated: May 8, 2017